**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| CASPER WILLIS<br>104 Caitlyn Way<br>Monroe, OH 45050 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT** |
| BAKEMARK USA, LLC<br>9250 Seward Road<br>Fairfield, OH 45014 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| **Serve also:** | )<br>) | |
| BAKEMARK USA, LLC<br>c/o Corp. Service Company (Stat. Agent)<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, OH 43221 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Casper Plaintiff, by and through undersigned counsel, states and avers the following for the Complaint against the Defendant:

**PARTIES AND VENUE**

1. Plaintiff is a resident of the City of Monroe, County of Butler, State of Ohio.

2. BakeMark USA, LLC ("BakeMark") is a domestic corporation with its principal place of business located at 9250 Seward Road, Fairfield Ohio 45014.

3. BakeMark was at all times hereinafter mentioned an employer within the meaning of the Age Discrimination in Employment Act ("ADEA") and R.C. § 4112.01 et seq.

4. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2023-02233 against BakeMark ("Plaintiff EEOC Charge").

5. Plaintiff dually filed the Plaintiff EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

6. On or about August 24, 2023, the EEOC issued a Notice of Right to Sue letter to Plaintiff regarding the Plaintiff EEOC Charge.

7. Plaintiff received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

8. Plaintiff has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

9. Plaintiff has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

10. Plaintiff has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

11. All of the material events alleged in this Complaint occurred in Butler County.

12. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. §2307.382(A)(1), (2), (3), (4), and/or (6).

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that Plaintiff is alleging federal law claims under the ADEA.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as Plaintiff's state law claims are so closely related to Plaintiff's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

16. Plaintiff applied to work for BakeMark in the position of Forklift Operator.

17. Plaintiff applied to work for BakeMark in-person in or about October 2022. ("Application for Employment").

18. Plaintiff was age sixty-two at the time of his Application for Employment.

19. Plaintiff is in a protected class for his age.

20. Plaintiff had over forty years of experience operating heavy machinery prior to his Application for Employment.

21. Plaintiff's older son, Damion Willis, was a then-current employee at the time of Plaintiff's Application for Employment.

22. Damion Willis was age 30 at the time of the events described herein.

23. Plaintiff included his age on the Application for Employment.

24. Defendant had notice of Plaintiff's age at the time of the Application for Employment.

25. Andy (surname unknown, hereinafter "Andy LNU") told Plaintiff that BakeMark had an internal policy preventing hiring family members of current employees. ("Stated Basis for Failure to Hire").

26. Andy LNU is/was a hiring manager for BakeMark.

27. Andy LNU is substantially younger than Plaintiff.

28. Andy LNU refused to interview Plaintiff for the position to which he applied.

29. Plaintiff was not given the opportunity to interview for BakeMark.

30. Plaintiff was not hired for the Forklift Operator position.

31. Defendant failed to hire Plaintiff in or about October 2022. ("Failure to Hire").

32. In or about November 2022, a few weeks after the Failure to Hire Plaintiff, his younger son, Daryl Willis, also applied to work for BakeMark.

33. Daryl Willis was 29 years old at the time of his application to work for BakeMark.

34. Damion Willis was still employed at BakeMark at the time of Daryl Willis' application for employment.

35. Daryl Willis was given an interview with BakeMark.

36. Daryl Willis was hired by BakeMark.

37. BakeMark's Failure to Hire Plaintiff was an adverse employment action against him.

38. BakeMark's Stated Basis for Failure to Hire Plaintiff was pretext.

39. The Stated Basis for Failure to Hire has no basis in fact.

40. The Stated Basis for Failure to Hire did not actually motivate Defendant's decision to failure to hire Plaintiff.

41. The Stated Basis for Failure to Hire was insufficient to motivate the failure to hire of Plaintiff.

42. The Stated Basis for Failure to Hire was pretext.

43. Defendant did not fail to hire similarly situated employees for reason like the Stated Basis for Failure to Hire.

44. Defendant failed to hire Plaintiff because of Plaintiff's age.

45. Defendant hired someone outside of Plaintiff' protected class in his place.

46. The Failure to Hire of Employment constitutes age discrimination.

47. Defendant knew that it was unlawful to refuse to hire Plaintiff because of his age.

48. Defendant knowingly failed to hire Plaintiff.

49. Defendant knowingly took an adverse employment action against Plaintiff.

50. Defendant knowingly took an adverse action against Plaintiff.

51. Defendant intentionally failed to hire Plaintiff.

52. Defendant intentionally took an adverse employment action against Plaintiff.

53. Defendant intentionally took an adverse action against Plaintiff.

54. Defendant knew that failing to hire Plaintiff would cause Plaintiff harm, including economic harm.

55. Defendant willfully failed to hire Plaintiff's employment.

56. There was a causal connection between Plaintiff's age and the failure to hire him.

57. As a result of Defendant's unlawful acts, Plaintiff has suffered, and will continue to suffer, pecuniary harm.

58. As a result of Defendant's unlawful acts, Plaintiff has suffered, and will continue to suffer, emotional distress.

## COUNT I: FAILURE TO HIRE BASED ON AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

59. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

60. Defendant's purported reason for refusing to hire Plaintiff was pretext.

61. Upon information and belief, Defendant hired someone over Plaintiff outside of his protected class.

62. Defendant failed to hire Plaintiff based on his age.

63. Defendant violated R.C. § 4112.02 *et seq.* when it refused to hire Plaintiff based on his age.

64. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: FAILURE TO HIRE BASED ON AGE DISCRIMINATION IN VIOLATION OF THE ADEA

65. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Defendant's purported reason for refusing to hire Plaintiff was pretext.

67. Upon information and belief, Defendant hired someone over Plaintiff outside of his protected class.

68. Defendant failed to hire Plaintiff based on his age.

69. Defendant violated the ADEA when it refused to hire Plaintiff based on his age.

70. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Casper Plaintiff demands from Defendant the following:

(a) Issue a permanent injunction:

   (i) Requiring BakeMark to abolish discrimination, harassment, and retaliation;

   (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

   (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring BakeMark to restore Plaintiff to one of the positions to which Plaintiff was entitled by virtue of Plaintiff's application and qualifications, and expunge Plaintiff's personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
    Trial Attorney
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (614) 556-4811
Fax:   (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com

*Attorney for Plaintiff Casper Willis*

## **JURY DEMAND**

Plaintiff Casper Plaintiff demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)

*Attorney for Plaintiff Casper Willis*